UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PAULA HUDON,

            Plaintiff,

      v.

WEST VALLEY SCHOOL DISTRICT NO. 208,

            Defendant.

No. CV-05-3023-FVS

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** came before the Court pursuant to the defendant's motion for summary judgment.  The Court heard oral argument on May 12, 2005.  The plaintiff was represented by Kevan Montoya.  The defendant was represented by Joel Wright.

    **BACKGROUND**

    Plaintiff, Paula Hudon, is the Director of Child Nutrition at the West Valley School District ("District"), and as held that position since 1986.  The District employs two other directors: Director of Transportation, Dave Ferring, and Director of Maintenance, Ed Zier.  All three directors were paid at the same rate for 10 years.  That rate was $37,856 in 1996.  However, in 1996, the District increased Mr. Fering's pay to $46,500.  Neither Plaintiff or Mr. Zier received a raise.  Mr. Ferring's salary increase followed his threat to leave the District and take a higher paying position as maintenance director with the larger Wenatchee school district.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 1

Plaintiff began a futile campaign for a matching raise.

The School Information and Research Service Survey (SIRS) is an annual statewide salary survey published by the Washington Association of School Administrators.  The District denied Plaintiff's request for an increase in her salary because the SIRS indicated her salary was competitive with that of food services supervisors in comparably sized districts.  Over the next few years, the disparity between the salaries of Plaintiff and Mr. Ferring increased.

On November 30, 1999, Plaintiff filed a claim for damages under RCW 4.96 with the District, alleging that the District violated Washington's Industrial Welfare Act ("IWA"), RCW 49.12.  On April 30, 2001, Plaintiff filed a Complaint in Yakima County Superior Court, alleging that the District violated the IWA, specifically, Washington's Equal Pay Act, RCW 49.12.175, by paying her less money in wages and benefits than it paid two male supervisors performing similar work.

After filing the claim for damages and the Complaint, Plaintiff received an unfavorable evaluation from her supervisor, Mr. Platt, for the 2001-02 school year.  She also received a formal reprimand for insubordination from Mr. Platt.  Because of these poor evaluations, when the District's school board adopted a merit-based system of compensation in 2001, Plaintiff's 2001-02 raise was less than half that received by Mr. Ferring and Mr. Zier.  Sometime thereafter, Mr. Platt was replaced by Dr. Esperanze Lemos, followed by Dave Curry.  Plaintiff received favorable evaluations from both.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 2

On July 8, 2003, Plaintiff filed her First Amended Complaint in Yakima County Superior Court, alleging unequal pay for equal work in violation of Washington's Equal Pay Act, RCW 49.12.175; disparate impact discrimination on the basis of sex under RCW 49.60.180(3); and retaliation in violation of RCW 49.60.210(1).  The District moved for summary judgment.  The District admitted Plaintiff's prima facie Equal Pay Act case-that the work of the three directors was equal but the pay was different.  The District raised the affirmative statutory defense that the pay disparity was based on a factor other than sex: namely, the SIRS survey.  The District denied retaliation and asserted that Plaintiff's negative reviews and reprimands reflected her insubordinate behavior, failure to attend required meetings, and her history of communication difficulties.  The superior court concluded there were no disputed material facts and dismissed Plaintiff's claims.

Plaintiff appealed and Division III of the Washington State Court of Appeals reversed all claims except the disparate impact claim, holding that material issues of fact existed on Plaintiff's Equal Pay Act claim and retaliation claim.  On January 11, 2005, the Court of Appeals remanded the case.

After remand, the District filed another motion for summary judgment.  On the same day as that hearing, February 18, 2005, Plaintiff filed her Second Amended Complaint, asserting an additional claim under the federal Equal Pay Act, 29 U.S.C.§ 203(d), and an additional claim for disparate treatment gender discrimination under RCW 49.60.180(3).  The District removed the case to this Court.  The

District now moves for summary judgment dismissal of all of Plaintiff's claims.

### SUMMARY JUDGMENT STANDARD

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316, 323, 106 S.Ct. 2548 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).  The underlying facts and inferences drawn from facts are viewed in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 572, 586-87, 106 S.Ct. 1348, 1356 (1986).  The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159, 90 S.Ct. 1598 (1970).  Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 323-24, 106 S.Ct. 2548.  The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact.  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby,*

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY
JUDGMENT - 4

*Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).

**DISCUSSION**

**I.    *The District Was Not an Employer Under the Equal Pay Act, RCW 49.12.175, Prior to May 20, 2003.***

The District moves to dismiss Plaintiff's claim under Washington's Equal Pay Act, RCW 49.12.175, based on all acts occurring prior to May 20, 2003, on the basis that the District was exempt from the statute until that date.  The District argues it was not an "employer" under the Equal Pay Act prior to May 20, 2003.

In 1943, no definition existed for "employer" in RCW 49.12.175. In 1988, the legislature amended the IWA, RCW 49.12, to include family care leave requirements.  *McGinnis v. State*, 152 Wash.2d 639, 643, 99 P.3d 1240 (2004).  The 1988 amendment expressly applied the new sections of the IWA to public employees.  The term "employer" was defined as

> any person, firm, corporation, partnership ... or other business entity which engages in any business, industry, profession, or activity in this state and employs one or more employees and for the purposes of RCW 49.12.270 through 49.12.295 and 49.12.450 also includes the state ... and any municipal corporation or quasi-municipal corporation.

Former RCW 49.12.005(3) (1988) (emphasis added).

In 2003, the legislature amended the IWA again, solely for the purpose of clarifying the application of the IWA to public employers. *McGinnis*, 152 Wash.2d at 643, 99 P.3d 1240.  "The legislature observed that while certain provisions are applicable to employees of the State, 'it is unclear whether the remainder of the act applies to public employees.'"  *Id.*  The Legislature explained how a 1988

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 5

amendment to the definition of "employer" that was related to the family care provisions of the statute created ambiguity so that a remedial and curative amendment to clarify the intent of the statute became necessary. *Id.*

> FINDINGS – PURPOSE – INTENT – 2003 C. 401 § 1. The legislature finds that the enactment of chapter 236, Laws of 1988 amended the definition of employer under the industrial welfare act, chapter 49.12 RCW, to ensure that the family care provisions of that act applied to the state and political subdivisions. The legislature further finds that this amendment of the definition of employer may be interpreted as creating an ambiguity as to whether the other provisions of chapter 49.12 RCW have applied to the state and its political subdivisions. The purpose of this act is to make retroactive, remedial, curative, and technical amendments to clarify the intent of chapter 49.12 RCW and chapter 236, Laws of 1988 and resolve any ambiguity. It is the intent of the Legislature to establish that, prior to May 20, 2003, chapter 49.12 RCW and the rules adopted thereunder did not apply to the state or its agencies and political subdivisions except as expressly provided for in RCW 49.12.265 through 49.12.295, 49.12.350 through 49.12.370, 49.12.450, and 49.12.460.

LAWS OF 2003, ch. 401, § 1 (emphasis added); *see also McGinnis*, 152 Wash.2d at 644, 99 P.3d 1240. In the same legislation, the legislature specifically included the state and municipal corporations in the definition of employer (subject to certain exceptions) on and after the legislation's effective date. LAWS OF 2003, ch. 401, § 2(3)(b); *McGinnis*, 152 Wash.2d at 644 n.3, 99 P.3d 1240. RCW 49.12.005(3) now reads:

> (a) **Before May 20, 2003, "employer" means** any **person**, firm, corporation, partnership ... which engages in any business, industry, profession, or activity in this state and employs one or more employees **but does not include** the state, any state institution, any state agency, political subdivision of the state, or **any municipal corporation ....**

> (b) **On and after May 20, 2003, "employer" means** any **person**, firm, corporation, partnership ... which engages in any

business, industry, profession, or activity in this state and employs one or more employees, **and includes ... any municipal corporation** or quasi-municipal corporation. ...

RCW 49.12.005(3) (emphasis added).

Here, for purposes of defining employer under RCW 49.12.005(3), the District is a municipal corporation, *see* RCW 4.96.010, 39.50.010 and 39.50.010(3), and that statute expressly exempted municipal corporations from the provisions of RCW 49.12 until May 20, 2003.

Plaintiff argues that the definition of "employer" also includes "persons" and that the District was an employer under RCW 49.12.175 before 2003 because the definition of "person" under RCW 1.16.080 includes the State and public corporations.  However, the Washington Supreme Court recently rejected this argument with respect to the State.  In *McGinnis v. State*, 152 Wash.2d 639, 644, 99 P.3d 1240 (2004), the Washington Supreme Court held that the State did not qualify as an "employer" under the IWA prior to 2003.  "Prior to 1988, the language used in RCW 49.12.005(3) arguably was subject to the varying interpretations espoused by the parties in this case." *McGinnis*, 152 Wash.2d at 645, 99 P.3d 1240.  However, the 1988 legislation explicitly made certain sections of the IWA specifically applicable to the State and "*any municipal corporation*".  *Id.* (emphasis added).  In *McGinnis*, the Washington Supreme Court held that "[i]f the IWA already applied to the State, this language would be superfluous." *Id.*  Therefore, the Court in *McGinnis* held that "as of 1988 only those sections of the IOWA specified by the legislature applied to the State." *Id.*

Similarly, as of 1988, only those portions of the statute

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 7

specified applied to municipal corporations.  In light of the
unambiguous language of the 2003 Amendment and the *McGinnis* decision,
the Court determines that the District was not an "employer" as
defined in RCW 49.12.005(3) until May 20, 2003.[1]  Accordingly, the
Court dismisses Plaintiff's claim under Washington's Equal Pay Act,
RCW 49.12.175, based on any act occurring prior to May 20, 2003,
because the District was exempt from the provisions of that statute
until May 20, 2003.

## II.   *Plaintiff Satisfied the Filing Requirements of RCW 4.96.020.*

RCW 4.96.010 waives sovereign immunity for all local government
entities.  RCW 4.96.010(1) provides that "[f]iling a claim for
damages within the time allowed by law shall be a condition precedent
to the commencement of any action claiming damages...."  As a
condition precedent to maintaining an action against a governmental
entity, the statute also requires the injured party to comply with
other statutory claim filing procedures.  *Pirtle v. Spokane Pub. Sch.
Dist. No. 81*, 83 Wash. App. 304, 307, 921 P.2d 1084 (1996).  The
statutory claim filing procedures are listed in pertinent part in RCW
4.96.020:

---

[1] Plaintiff argues that retroactively applying the
Legislature's 2003 Amendment to the IWA's definition for employer
violates her due process rights.  However, because the District
was not considered an employer under the IWA as of 1988, there is
no need to address whether the 2003 Amendment applies
retroactively to prevent the District from being considered an
employer now.  *See McGinnis*, 152 Wash.2d at 646, 99 P.3d 1240
("Because we hold that the State was not generally considered an
employer under the IWA at least as of 1988, we do not address the
retroactivity of the 2003 amendment.").

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY
JUDGMENT - 8

> (1) The provisions of this section apply to claims for damages against all local governmental entities.
>
> (2)... All claims for damages against a local governmental entity shall be presented to the agent within the applicable period of limitations within which an action must be commenced.
>
> (3) All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. ...

In this case, Plaintiff properly filed her claims for damages with the District in 2001 before she filed her original Complaint in Yakima County Superior Court alleging a violation of RCW 49.12.175. However, since the District was excluded from liability under RCW 49.12 until May 20, 2003, technically Plaintiff filed a tort claim two years prior to any conduct that can form the basis for a cause of action under RCW 49.12.

The District argues that Plaintiff has not complied with the filing requirements of RCW 4.96 because her tort claim was filed *prior* to the applicable limitations period, not "*within* the applicable period of limitations". RCW 4.96.010(1). The District also argues that Plaintiff has not complied with the filing requirements because her original tort claim does not include any allegations arising after May 20, 2003, upon which liability might attach, as required by RCW 4.96.020(3). Therefore, the District moves for summary judgment, dismissing Plaintiff's claim under RCW

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 9

49.12.175 based on any acts occurring after May 20, 2003.

The Court determines that requiring Plaintiff to file a second claim under RCW 4.96 addressing "post May 20, 2003 conduct" is contrary to the purposes behind the claim filing statute.

RCW 4.96.010(1) states that the "laws specifying the content for such claims shall be liberally construed such that substantial compliance therewith will be deemed satisfactory." "The purpose of the claim-filing requirement is to protect government funds by allowing government entities time to investigate, evaluate, and settle claims before they are sued." *Woods v. Bailet*, 116 Wash. App. 658, 663, 67 P.3d 511 (2003). Here, every purpose of the claim-filing requirement has been served because Plaintiff's claim for damages put the District on notice of the basis for her complaint and gave the District time to investigate, evaluate, and settle Plaintiff's claim. Although Plaintiff's original damage claim does not assert any conduct occurring after May 20, 2003, Plaintiff's damage claim substantially complies with and is sufficient to satisfy the requirements of RCW 4.96.

### III. Plaintiff is Entitled to Recover Emotional Distress Damages

The District moves for summary judgment dismissal of Plaintiff's emotional distress claim pursuant to *Snyder v. Medical Service Corporation of Eastern Washington*, 145 Wash.2d 233, 243, 35 P.3d 1158 (2001). However, *Snyder* is not applicable to the present case. *Snyder* discussed the measure of damages for a tort action for intentional and negligent infliction of emotional distress. Here, Plaintiff has not filed a separate cause of action for negligent

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 10

infliction of emotional distress.  Rather, Plaintiff alleges the District discriminated against her on the basis of gender, thereby causing emotional distress.

In a discrimination action, RCW 49.60.030(2) provides for recovery of actual damages, which includes damages for emotional distress and mental anguish.  *Dean v. Municipality of Metropolitan Seattle-Metro*, 104 Wash.2d 627, 641, 708 P.2d 393 (1985); *see also Negron v. Snoqualmie Valley Hosp.*, 86 Wash. App. 579, 588, 936 P.2d 55 (1997) ("A discrimination plaintiff may seek monetary compensation for 'actual damages', including distress and mental anguish caused by discrimination.") (citation omitted).  "Under RCW 49.60, proof of discrimination results in a finding of liability.  The plaintiff, once having proved discrimination, is only required to offer proof of actual anguish or emotional distress in order to have those damages included in recoverable costs pursuant to RCW 49.60."  *Dean*, 104 Wash.2d at 641, 708 P.2d 393.

Here, the Court concludes that Plaintiff is entitled to recover damages for emotional distress if she prevails on her discrimination claims because RCW 49.60.030(2) provides for recovery of actual damages, which includes damages for distress and mental anguish.

## IV.  *Retaliation*

Washington recognizes a cause of action for retaliation under the law against discrimination, Chapter 49.60 RCW.  *Kahn v. Salerno*, 90 Wash. App. 110, 128, 951 P.2d 321 (1998).

> It is an unfair practice for any employer ... to ...
> discriminate against any person because he or she has
> opposed any practices forbidden by this chapter, or because

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 11

he or she has filed a charge, testified, or assisted in any
proceeding under this chapter."

RCW 49.60.210(1).

Plaintiff "contends she was unfairly disciplined for continuing
to agitate for fair treatment." *Hudon v. West Valley Sch. Dist. No.
208*, 123 Wash. App. 116, 130, 97 P.3d 39 (2004).  Specifically,
Plaintiff claims her supervisor, Gary Platt, gave her false
evaluations in 2001 and 2002, and falsely reprimanded her because she
filed a claim for damages with the district and a Complaint against
the District alleging violations of Washington's Equal Pay Act, RCW
49.12.175.

To establish a prima facie case of retaliation, a plaintiff must
show that (1) she was engaged in statutorily protected activity, (2)
her employer took adverse employment action against her, and (3)
there is a causal link between the employee's activity and the
employer's adverse action.  *Hudon*, 123 Wash. App. at 130, 97 P.3d 39.

A.   *Statutorily Protected Activity*

The District argues that a claim of retaliation under RCW 49.60
must allege retaliation for opposing practices forbidden specifically
by Chapter 49.60 and does not apply to other chapters, such as
Chapter 49.12.  Therefore, the District contends that Plaintiff's
retaliation claim under RCW 49.60.210 should be dismissed because the
alleged retaliation was for filing a claim and a lawsuit under RCW
49.12, not for a claim under RCW 49.60.  Essentially, the District
argues that Plaintiff fails to satisfy the first element of her
retaliation claim by proving she engaged in a statutorily protected

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY
JUDGMENT - 12

activity.  However, the District's interpretation of RCW 49.69.210 leads to a result and application of the statute that is contrary to the policy behind RCW 49.60, et seq.  Furthermore, the District overlooks the fact that Plaintiff engaged in statutorily protected activity merely by asserting her right to equal pay, regardless of whether she filed a formal action.

RCW 49.60.180 prohibits discrimination in compensation because of sex and denotes such discrimination an unfair practice.  Here, Plaintiff alleges retaliation for opposing practices forbidden specifically by Chapter 49.60 because she asserted her right to equal pay.  Specifically, Plaintiff alleges she suffered retaliation in the form of negative reviews from her supervisor for complaining to her supervisor and others that she was being discriminated against on the basis of her gender and for filing a Complaint with the District alleging a violation of RCW 49.12.175.  Therefore, Plaintiff *opposed ... practices forbidden by [RCW 49.60]"* because she complained that she was being paid less based on her gender.  Regardless of whether Plaintiff's Complaint alleging a violation of RCW 49.12.175 is statutorily protected activity, Plaintiff's complaints to her supervisor that she was being paid differently then her male co-employees on the basis of her sex was a statutorily protected activity for which the District cannot retaliate.

The District argues that Plaintiff's act of asserting her right to equal pay by filing a Complaint alleging a violation of RCW 49.12.175 does not constitute a statutorily protected activity because she did not file a claim alleging a specific violation of RCW

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 13

49.60.180 for discrimination in compensation based on gender. However, this position is contrary to the policy behind Chapter 49.60 RCW.  The Court notes that "provisions of this chapter [RCW 49.60] shall be construed liberally for the accomplishment of the purposes thereof.  Nothing contained in this chapter ... shall be construed to deny the right to any person to institute any action or pursue any civil or criminal remedy based upon an alleged violation of his or her civil rights."  RCW 49.60.020.  The District is asking the Court to construe RCW 49.60.210 in a way that would deny Plaintiff the right to assert a retaliation claim under RCW 49.60 because she did not first file a formal discrimination claim under RCW 49.60.  The Court cannot conclude this is the legislature's intended interpretation of RCW 49.60.210.

Here, Plaintiff's Complaint under RCW 49.12.175 was based on the allegations that she was being paid less than male employees, who were performing similar work.  This is statutorily protected activity.  Moreover, the Court notes that Plaintiff's tort claim for damages filed with the District in November 1999 is also statutorily protected activity.  Plaintiff's claim for damages specifically noted that RCW 49.60.180(3) prohibits discrimination in compensation on the basis of gender.  Furthermore, Plaintiff's claim specifically alleged that she was being paid less because of her gender.  Therefore, Plaintiff's claim for damages filed with the District constitutes statutorily protected activity for which the District cannot retaliate.  Accordingly, for the foregoing reasons, the Court denies the District's motion to dismiss Plaintiff's retaliation claim to the

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 14

extent the District's motion was based on the argument that Plaintiff failed to show she engaged in statutorily protected activity.

B.    *Adverse Employment Action*

Division III of the Washington Court of Appeals previously addressed Plaintiff's retaliation claim. *See Hudon v. West Valley Sch. Dist. No. 208*, 123 Wash. Supp. 116, 97 P.3d 39 (2004). Specifically, with respect to Plaintiff's retaliation claim, Division III ruled that Plaintiff had established a prima facie case of retaliation, sufficient to withstand summary judgment. "She engaged in a statutorily protected activity–asserting her right to equal pay. She subsequently received a poor evaluation which she claims contributed to the perpetuation of the pay disparity.  At issue is the causal link.  And this is a question of fact." *Hudon*, 123 Wash. App. at 131, 97 P.3d 39.

The District now argues that the Court should dismiss Plaintiff's retaliation claim based on her allegation that she did not receive a sufficient raise in salary because the District was paying Plaintiff less than what she wanted both before and after the alleged retaliation.  Essentially, the District argues that Plaintiff cannot assert a claim for retaliation where the complained of action is the same both before and after the alleged retaliatory action. However, the District misunderstands Plaintiff's retaliation claim. Plaintiff claims that her poor evaluations were retaliatory and that this lead to the *perpetuation* of the pay disparity.  At issue is whether Plaintiff's negative reviews were retaliatory and whether the negative review perpetuated the pay disparity between Plaintiff and

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 15

the other male directors.  At issue is the causal link, and this is a question of fact.  Accordingly, the Court denies the District's motion for summary judgment dismissal of Plaintiff's retaliation claim.

### V.   Plaintiff's Claim for Disparate Treatment Gender Discrimination Under RCW 49.60.180(3) is Not Barred by the Statute of Limitations.

Claims for discrimination under RCW 49.60 must be filed within the three-year period of limitation of RCW 4.16.080.  *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wash.2d 805, 809, 818 P.2d 1362 (1991).  Here, Plaintiff's Second Amended Complaint filed on February 18, 2005, added a claim for disparate treatment gender discrimination under RCW 49.60.180(3).  The District argues that Plaintiff's discrimination claim is barred by the statute of limitations because the District contends that Plaintiff's discrimination claim accrued on November 30, 1999, when she filed her tort claim.[2]  Plaintiff argues that her discrimination claim is deemed to relate back to the date her original Complaint was filed, April 30, 2001.

"An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

---

[2] Plaintiff's tort claim for damages filed with the district specifically alleged a violation of Washington's Equal Pay Act, RCW 49.12.175.  However, the claim also stated:  "Additionally, RCW 49.60.180(3), prohibits discrimination in compensation on the basis of gender."  All events alleged in Plaintiff's tort claim occurred between 1996 and 1999.

Fed.R.Civ.P. 15(c)(2).  The relation back doctrine found in Rule 15(c) is a bar to the statute of limitations and should be applied liberally.  *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988).  "In deciding whether an amendment to state a new claim against the original defendant is proper, the policies underlying the statute of limitations are implicated.  Thus, amendment of a complaint is proper if the original pleading put the defendant on notice of the 'particular transaction or set of facts' that the plaintiff believes to have caused the complained of injury.  Fairness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff."  *Id.*; see, *e.g.*, *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 738-39 (9th Cir. 1982) ("It is apparent from [the plaintiff's] original complaint that [the defendant] was not taken by surprise by the addition of the claim for interference with employment relations.").  "[A]n amendment which changes the legal theory on which an action initially was brought is of no consequence to the question of relation back if the factual situation out of which the action arises remains the same and has been brought to the defendant's attention by the original pleading."  *Santana*, 686 F.2d at 739.

Here, Plaintiff's Original Complaint filed on November 1999, alleged that the District was discriminating against Plaintiff under Washington's Equal Pay Act, RCW 49.12.175, by paying her less than the District's male employees who were similarly situated.  Plaintiff's First Amended Complaint, filed on July 8, 2003, asserted an additional claim under RCW 49.60.180(3) for disparate impact

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 17

discrimination, alleging that the District's "practice of relying on the School Information and Research Service ("SIRS") data to establish the salary for the Child Nutrition Director and in failing to conduct an appropriate salary review had a discriminatory impact on [Plaintiff]." Plaintiff's Second Amended Complaint asserts an additional claim for disparate treatment discrimination and a violation of the federal Equal Pay Act, 29 U.S.C. § 206.

Whereas Plaintiff's First Amended Complaint alleged that she was disparately impacted by the District's reliance on the SIRS data, the Second Amended Complaint alleges that Mr. Platt intentionally made discriminating statements against Plaintiff. The District argues that "[t]hese 'facts' generally consist of acts and statements allegedly engaged in by Mr. Platt about eight years ago, that are not contained in [Plaintiff's] tort claim, do not appear in [Plaintiff's] earlier declarations, and never before came to light despite four years of litigation and discovery." Therefore, the District argues that the Court should not apply the relation back doctrine to allow Plaintiff to assert a new legal theory based on new facts.

The Court determines that Plaintiff's claim for disparate treatment discrimination relates back to Plaintiff's First Amended Complaint, filed July 8, 2003, which asserted a claim for disparate impact discrimination and retaliation. Plaintiff's claim for disparate treatment discrimination arose out of the same conduct and set of facts that are set forth in Plaintiff's First Amended Complaint. Although the legal theory and the burden of proof in a disparate impact case are different than the legal theory and burden

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 18

of proof in a disparate treatment claim, this is of no consequence to the question of relation back because the factual situation supporting Plaintiff's disparate treatment claim is the same as the factual situation out of which Plaintiff's claims for disparate impact and retaliation. *See Santana*, 686 F.2d at 739.  Although the District contends that the facts supporting Plaintiff's disparate treatment claim "never before came to light despite four years of litigation and discovery", these facts were set forth in some detail in the Washington State Court of Appeals' decision. *See Hudon v. West Valley Sch. Dist. No. 208*, 123 Wash. Aupp. 116, 97 P.3d 39 (2004).  Therefore, the District cannot argue it is surprised by the addition of Plaintiff's claim for disparate treatment discrimination because the District was put on notice of the facts Plaintiff contends support her claim for disparate treatment discrimination long before Plaintiff amended her Complaint to assert this claim.  In light of the liberal policy behind the relation back doctrine, the Court determines that Plaintiff's claim for disparate treatment discrimination relates back to her claim for disparate impact discrimination and retaliation asserted in her First Amended Complaint, filed July 8, 2003.  Furthermore, since that Complaint is deemed to relate back to Plaintiff's Original Complaint, Plaintiff's Second Amended Complaint is also deemed to relate back to Plaintiff's Original Complaint, filed April 2001.  Although Plaintiff's legal theories have changed throughout the course of this litigation, it is clear that the factual situation out of which Plaintiff's claims arise has not changed.  Accordingly, the Court holds that Plaintiff's

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 19

disparate treatment claim is not barred by the statute of limitations.

**VI.  *Plaintiff's federal Equal Pay Act Claim under 29 U.S.C. § 206 is Barred In Part by the Statute of Limitations***

The District contends that Plaintiff's claim under the Federal Equal Pay Act, 29 U.S.C. § 206(d), is barred by the statute of limitations.  Plaintiff contends this claim relates back to her original Complaint.  However, the District argues that, even if Plaintiff's claim relates back, Plaintiff's claim was already barred, at least in part, by the statute of limitations when the original Complaint was filed on April 30, 2001.

The Court concludes that Plaintiff's federal Equal Pay Act claim under 29 U.S.C. § 206 relates back to Plaintiff's original Complaint, asserting a claim under Washington's Equal Pay Act, RCW 49.12.175.  The policies underlying the relation back doctrine support its application to Plaintiff's federal Equal Pay Act claim.  Plaintiff's original Complaint clearly put the District on notice of the facts supporting Plaintiff claim under the federal Equal Pay Act because the factual circumstances are identical.  Moreover, Plaintiff's claim under Washington's Equal Pay Act clearly placed the District in a position to anticipate that Plaintiff might also assert a claim under the federal Equal Pay Act.  Accordingly, the Court concludes that Plaintiff's federal Equal Pay Act claim is not completely barred by the statute of limitations because it relates back to the filing of Plaintiff's original Complaint on April 30, 2001.

The next issue is whether Plaintiff's federal Equal Pay Act

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT - 20

claim was already barred, at least in part, by the statute of
limitations when Plaintiff's original Complaint was filed on April
30, 2001.  An employee who charges a violation of the federal Equal
Pay Act must bring an action within the two-year statue of
limitations required by 29 U.S.C. 255(a).  "Discrete discriminatory
acts are not actionable if time barred, even when they are related to
acts alleged in timely filed charges." *Carpinteria Valley Farms,
Ltd. V. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003)
(citing *Morgan v. Nat'l R.R. Passenger Corp.*, 536 U.S. 101, 113, 122
S.Ct. 2061, 153 L.Ed.2d 106 (2002)).  Therefore, the issue before the
Court is what discriminatory acts gave rise to Plaintiff's federal
Equal Pay Act claim, and when those acts occurred, starting the clock
on the two-year statute of limitations.  The Court concludes that
only those discriminatory acts occurring on or after April 30, 1999,
can give rise to Plaintiff's federal Equal Pay Act claim; any act
occurring prior to April 30, 1999, is barred by the statute of
limitations.

    **IT IS HEREBY ORDERED:**

1.    The District's Motion for Summary Judgment, **Ct. Rec. 6**, is
**GRANTED IN PART AND DENIED IN PART** consistent with the
Court's ruling set forth herein.

2.    The District's Motion to Strike, **Ct. Rec. 16**, is **DENIED AS
MOOT.**

//

//

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY
JUDGMENT - 21

//

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to file this Order and furnish copies to counsel.

**DATED** this <u>20th</u> day of May, 2005.

<u>s/ Fred Van Sickle</u>
Fred Van Sickle
Chief United States District Judge

_____